# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| SUSAN ZOGG, as surviving wife and on behalf of the decedent, JOSEPH ZOGG, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: _____ <br>) |
| v. | ) Jury Demand <br>) |
| VANDERBILT UNIVERSITY MEDICAL CENTER, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and the Jury the following:

## PARTIES, VENUE, AND JURISDICTION

### THE PLAINTIFF

1. The Plaintiff, Susan Zogg, is an adult resident of Kentucky at the time of the filing of this lawsuit.

2. The Plaintiff and her deceased husband, Joseph Zogg ("the decedent" or "Mr. Zogg"), were residents of Kentucky at the time of the events describe herein.

3. During all times referenced in the Complaint, Joseph Zogg and Susan Zogg were husband and wife.

4. Mr. Zogg died at Vanderbilt University Medical Center on June 14, 2019.

## THE DEFENDANT AND THE "INVOLVED PHYSICIANS"

5. Dr. Tarek Absi ("Dr. Absi") is a medical doctor licensed to practice medicine in Tennessee. Dr. Absi provided care and treatment to the decedent, and he was present and involved when care was provided by the other physicians to the decedent, referenced herein in Tennessee.

6. Dr. David Slosky ("Dr. Slosky") is a medical doctor licensed to practice medicine in Tennessee. Dr. Slosky provided care and treatment to the decedent, and he was present and involved when care was provided by the other physicians to the decedent, referenced herein in Tennessee.

7. Dr. Allman Rollins ("Dr. Rollins") is a medical doctor licensed to practice medicine in Tennessee. Dr. Rollins provided care and treatment to the decedent, and he was present and involved when care was provided by the other physicians to the decedent, referenced herein in Tennessee.

8. Vanderbilt University Medical Center ("Vanderbilt") does business in Nashville, Tennessee. Vanderbilt is an entity that does business in Nashville, Tennessee, including for purposes of determining diversity under 28 U.S.C. §1332.

9. Vanderbilt can be served with process via its Registered Agent, National Registered Agents, Inc., 300 Montvue Road, Knoxville, TN 37919-5546.

10. Venue and jurisdiction in this matter are appropriate with the United States District Court of the Middle District of Tennessee, Nashville Division.

11. Dr. Absi, Dr. Slosky, and Dr. Rollins ("the involved physicians") were physicians on the medical staff at Vanderbilt at the times described herein. All of these doctors were involved in the performance of an endomyocardial biopsy on the decedent at Vanderbilt on June 14, 2019 ("the endomyocardial biopsy"), and/or were present during its performance. The involved

physicians' involvement with Mr. Zogg's care and treatment was within the course and scope of their employment at Vanderbilt, and Vanderbilt is liable for any of their negligent acts that caused an adverse outcome for this patient.

12. Dr. Absi was present during the endomyocardial biopsy, and he helped perform it.

13. Dr. Slosky was present during the endomyocardial biopsy, and he helped perform it.

14. Dr. Rollins was present during the endomyocardial biopsy, and he helped perform it.

15. At the time of the matters contained in this Complaint, Dr. Absi, Dr. Slosky, and Dr. Rollins had physician-patient relationships with the decedent.

## STATEMENT OF FACTS

16. On June 14, 2019, an endomyocardial biopsy was performed on the decedent at Vanderbilt.

17. The endomyocardial biopsy involved at least one physician taking tissue samples from the patient's heart via a surgical procedure.

18. During the performance of the endomyocardial biopsy, one of the involved physicians perforated all the way through the patient's right ventricular wall. This perforation was not a goal or purpose of the procedure. The perforation did not exist prior to the procedure.

19. The perforation occurred after only one tissue sample was successfully obtained during the endomyocardial biopsy.

20. Dr. Absi was the Vanderbilt physician who perforated the right ventricular wall.

21. Dr. Slosky was the Vanderbilt physician who perforated the right ventricular wall.

22. Dr. Rollins was the Vanderbilt physician who perforated the right ventricular wall.

23. At the time of the performance of the endomyocardial biopsy, the thickness of the patient's left ventricular wall was approximately 1.4 cm, the thickness of the interventricular septum was 1.5 cm, and the thickness of the right ventricular wall was only 0.2 cm to 0.3 cm (2 to 2 mm).

24. At the time of the performance of the endomyocardial biopsy and the perforation of the right ventricular wall during that procedure, the patient's interventricular septum was at least four times thicker than the patient's right ventricular wall.

25. At the time of the performance of the endomyocardial biopsy, the physician who perforated the right ventricular wall knew the right ventricular wall was much thinner than the wall of the interventricular septum, either because he knew that for this specific patient or because he knew that based on typical anatomy.

26. The perforation of the patient's right ventricular wall caused bleeding, which caused cardiac tamponade, which caused the patient's condition to rapidly deteriorate, and the patient died soon thereafter that same day as a result.

27. The Death Certificate was completed by Dr. Pete Fong ("Dr. Fong"). Dr. Fong was a physician at Vanderbilt in June 2019. The Death Certificate accurately states that the Immediate Cause of Death was Pericardial Effusion, and that this was due to, or a consequence of, the Right Ventricular Perforation, which was due to, or a consequence of, the Right Ventricular Biopsy.

28. Mr. Zogg's death was caused by a procedure performed by, or treatment provided by, a physician, and it was therefore iatrogenic.

29. The perforation of the patient's right ventricular wall caused or contributed to cause the patient's death that same day.

30. After the patient's right ventricular wall was perforated, there was available time to provide blood products, time to attempt to address or repair the perforation, and time to otherwise stabilize the patient to improve the likelihood of a recovery such that the patient survived.

31. The Vanderbilt records accurately document that it took a period of time for intubation equipment to be located and used in the effort to intubate Mr. Zogg to treat him for the deterioration in his condition following the perforation.

32. By the time Dr. Richard McIlroy arrived at bedside in response to a call for help to treat the patient for his deterioration in his condition following the perforation, or soon after Dr. McIlroy's arrival at bedside, the patient's extremities were already cold, his skin was already mottled, and an oxygen saturation rate could not be obtained.

**NEGLIGENCE / DEVIATIONS FROM THE APPLICABLE STANDARD OF CARE**

33. The Plaintiff incorporates the factual averments and allegations set forth above as if fully described herein.

34. The relationship of physician-patient and/or health care provider–patient existed between the involved physicians and the decedent during the times described herein.

35. The involved physicians owed the decedent a duty to provide appropriate care and treatment that was acceptable under the recognized standard of acceptable professional practice ("standard of care"), including during the time in question.

36. The ways in which the involved physicians failed to comply with the applicable standard of care include, but are not limited to:

    a. Not using proper care, skill, and judgment to avoid causing the perforation of the right ventricular wall that occurred during the endomyocardial biopsy;

b. Not properly intervening and advising while present during the endomyocardial biopsy so that the physician who caused the endomyocardial biopsy exercised more care and skill to avoid causing such an injury; and,

c. Not providing or obtaining / arranging for proper emergency care in response to the perforation of the right ventricular wall with all of the resources and personnel available at Vanderbilt at that time.

37. Pursuant to Tenn. Code Ann. §29-26-115, Vanderbilt, through its employees and agents, including the involved physicians, and at the institutional level, owed a duty to Mr. Zogg to provide care and services in accordance with the applicable standard of care.

38. Vanderbilt, directly and through its employees and agents, including the involved physicians, was negligent in the provision of care to Mr. Zogg, as described herein.

39. Vanderbilt, through its employee and agents, including the involved physicians, failed to comply with the applicable standard of care to the medical and surgical care it provided to Mr. Zogg.

40. The ways in which Vanderbilt's employees and agents, including the involved physicians, failed to comply with the applicable standard of care include, but are not limited to:

a. Not using proper care, skill, and judgment to avoid causing the perforation of the right ventricular wall that occurred during the endomyocardial biopsy;

b. Not properly intervening and advising while present during the endomyocardial biopsy so that the physician who caused the endomyocardial biopsy exercised more care and skill to avoid causing such an injury; and,

c. Not providing or obtaining / arranging for proper emergency care in response to the perforation of the right ventricular wall with all of the resources and personnel available at Vanderbilt at that time.

41. Vanderbilt is liable for the negligence of the involved physicians via the legal theories of respondeat superior and/or vicarious liability, including because the involved

physicians who saw and treated Mr. Zogg did so in the course and scope of their employment with Vanderbilt.

42. Mr. Zogg did not select any of the physicians who performed or who were present during his endomyocardial biopsy.

## CAUSATION AND DAMAGES

43. The Plaintiff incorporates the factual averments and allegations set forth above as if fully described herein.

44. As a direct and proximate result of the herein referenced failures to comply with the applicable standard of care as described herein, Mr. Zogg suffered a personal injury and death. The corresponding injuries and damages include, but are not limited to: past medical expenses, lost earning capacity, physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, and loss of consortium between him and his wife, and Mrs. Zogg suffered loss of consortium between her and her husband, and funeral and burial expenses, all of which would not otherwise have incurred. These injuries and damages would not otherwise have occurred absent the negligence described herein.

45. It is accurately documented in the Vanderbilt records that Mr. Zogg had a normal angiogram in May 2019.

46. It is accurately documented in the Vanderbilt records that, as of June 10, 2019, Mr. Zogg was active and his prognosis was likely longer than had been previously thought.

47. It is accurately documented in the Vanderbilt records that Mr. Zogg had an almost complete resolution of his cancer by June 2019.

48. It is accurately documented in the Vanderbilt records that Mr. Zogg had no evidence of residual small cell carcinoma and no evidence of metastatic carcinoma upon examination on June 15, 2019.

## COMPLIANCE WITH THE STATUTORY NOTICE AND CERTIFICATE OF GOOD FAITH REQUIREMENTS

49. The Plaintiff, through counsel, complied with the provisions of Tenn. Code Ann. §29-26-121 requiring individuals asserting a potential health care liability claim to give written notice of such potential claim to each health care provider that will be a named Defendant at least 60 days prior to filing a complaint ("Notice" or "Pre-Suit Notice"). On or by May 21, 2020, Notice was given to the Defendant in accordance with Tenn. Code Ann. §29-26-121. The Affidavit of Brian Cummings and supporting documentation demonstrating compliance are attached to this Complaint as **Exhibit 1**.

50. The Notice was mailed to the Defendant via certified mail less than one year from the time the care and treatment provided herein occurred.

51. The Complaint was filed more than 60 days after Defendant was sent Notice via certified mail.

52. The Notice described herein was provided within the applicable period of time. This suit is timely filed before the applicable statute of limitations (as extended by Tenn. Code Ann. §29-26-121) expired.

53. The Defendant had the opportunity to review the facts of this matter between the time of sending out of Pre-Suit Notice and the filing of this Complaint. No agent or representative for the Defendant ever communicated to counsel for the Plaintiff any inability or problem with obtaining or reviewing the pertinent medical records, which counsel for the Plaintiff provided access to via an appropriate, HIPAA-compliant release for the Defendant to obtain.

54. In accordance with Tenn. Code Ann. §29-26-122, the Plaintiff's counsel has consulted with one or more experts who provided a signed written statement confirming that upon information and belief they are competent under Tenn. Code Ann. §29-26-115 to express opinions in this case and believe, based on the information available from medical records concerning the care and treatment of the decedent, Joseph Zogg, that there is a good faith basis to maintain this action consistent with the requirements of Tenn. Code Ann. §29-26-115. The Certificate of Good Faith demonstrating the same is attached to this Complaint as **Exhibit 2**.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. That proper process be issued and be served upon the Defendant, and the Defendant be required to appear and answer this Complaint within the time required by law;

2. That the Plaintiff be awarded fair and reasonable damages, including compensatory damages up to $5,000,000.00;

3. That the Plaintiff be awarded the costs of trying this action;

4. That this action be heard by a jury;

5. That costs of this action be taxed to the Defendant;

6. That prejudgment interest be awarded to the Plaintiff for all economic damages;

7. That the Plaintiff be awarded all and any such other and further relief as the Court deems proper; and,

8. That the Plaintiff's right to amend this Complaint to conform to the evidence be reserved.

**RESPECTFULLY SUBMITTED,**

*[signature: Brian Cummings]*

**Brian Cummings, #19354**
Cummings Law
4235 Hillsboro Pike, #300
Nashville, TN 37215
(615) 800-6822 (phone)
(615) 815-1876 (fax)
brian@cummingsinjurylaw.com
*Attorney for the Plaintiff*